Hand-Delivered

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

Charlotte Division

FILED
CHARLOTTE, NC

JUL 17 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

Keonae N. Eubanks

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Morris Jenkins Heating and Air

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 3:24-cv-661-KDB
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Keonae N. Eubanks |
| Street Address | 642 Mile Creek Rd |
| City and County | Edgemoor and Chester County |
| State and Zip Code | South Carolina 29712 |
| Telephone Number | 803-354-3306 |
| E-mail Address | KeonaeEubanks@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

- Name: Morris Jenkins
- Job or Title *(if known)*:
- Street Address: 13725 South Ridge Dr
- City and County: Charlotte Mecklenburg
- State and Zip Code: North Carolina, 28273
- Telephone Number:
- E-mail Address *(if known)*:

**Defendant No. 2**

- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

**Defendant No. 3**

- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

**Defendant No. 4**

- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

**C.     Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Morris Jenkins Heating and Air |
| Street Address | 13725 South Ridge Dr |
| City and County | Charlotte, Mecklenburg |
| State and Zip Code | North Carolina 28273 |
| Telephone Number | 704-357-0484 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐  Other federal law *(specify the federal law)*:

☐  Relevant state law *(specify, if known)*:

☐  Relevant city or county law *(specify, if known)*:

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
November 10, 2023, December 29, 2023 and March 29, 2024

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☒ race — African American
- ☒ color — Black
- ☐ gender/sex — _____
- ☐ religion — _____
- ☐ national origin — _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*
  Pregnancy

E. The facts of my case are as follows. Attach additional pages if needed.

1. Plaintiff, Keonae N. Eubanks, is a Black female who was hired as a Customer Service Representative (CSR) by Defendant on April 4, 2022, and was promoted to Purchasing Agent in September 2022, starting the new position in January 2023. She was the only Black employee on her team.
2. In March 2023, Plaintiff informed Defendant of her pregnancy and had her baby on July 15, 2023.
3. Throughout her pregnancy, Plaintiff's supervisor, Connie Coleman/White, made inappropriate remarks regarding Plaintiff's pregnancy in front of other staff. Connie often informed staff that Plaintiff was working from home due to pregnancy-related complications, asked Plaintiff questions about Black people, and inquired if her hair was real. These comments were made publicly, causing Plaintiff significant embarrassment and humiliation in front of her colleagues.
4. Plaintiff went on maternity leave from July 15, 2023, until September 25, 2023. Upon returning to the office from working remotely on October 19, 2023, she was offered a different position with the same pay but different duties, and her schedule was changed from 8:00 a.m.-5:00 p.m. to 6:00 a.m.-2:30 p.m. Connie stated during the meeting that Plaintiff was an asset to the company and more than capable of performing the duties of the job.
5. On November 6, 2023, Plaintiff's supervisor Connie confirmed to the entire team that a co-worker, Ashlyn, who had resigned previously, was returning.
6. Late morning on November 6, 2023, Plaintiff received a Teams message from her supervisor Connie asking if she wanted to stay in the time slot or switch with her co-worker Ashlyn. Connie informed Plaintiff that the position and time slot were Plaintiff's because she stepped up when Ashlyn stepped out.
7. On November 9, 2023, Plaintiff inform her supervisor Connie that she would be staying in the 6:00am-2:30pm slot.
8. On November 10, 2023, Plaintiff was written up by Connie for performance issues. Connie later stated it was a miscommunication and not to worry about the write-up.
9. On December 29, 2023, Connie sent an email changing Plaintiff's shift to 7:30-4:00 p.m. and Ashlyn's to 6-2:30 p.m., effectively removing Plaintiff's duties and assigning them to Ashlyn. Plaintiff complained about discriminatory treatment to Adrienne Huy and Mike Simon but was told On January 8, 2023, during a meeting that her allegations were unfounded.
10. On January 8, 2024, after the meeting, Connie confronted Plaintiff about calling her a racist. Connie explained to Plaintiff that she couldn't be a racist because she had Black people in her family. This confrontation caused Plaintiff significant emotional distress, including anxiety and feelings of humiliation.
11. On January 22, 2024, Plaintiff began the new schedule and duties. The stress of adjusting to the new schedule and the hostile work environment exacerbated Plaintiff's emotional distress.
12. On March 6, 2024, a new system was introduced, and Plaintiff was the only one not trained that day and was told that she would receive training at a later date.
13. On March 21, 2024, Plaintiff was informed she would perform backup tasks to co-workers but committed the same errors as others without facing similar consequences.
14. On March 28, 2024, a co-worker, Melissa, addressed Plaintiff in a hostile manner, but Connie took no action.
15. On March 29, 2024, Plaintiff was told she was not a good fit for the department but was a good fit for the company and was offered her previous position of CSR with a pay cut and no annual raise. This demotion further contributed to Plaintiff's emotional distress, causing her to experience depression and a loss of self-esteem.
16. Plaintiff believes she was discriminated against based on her race (Black) and subjected to retaliation in violation of Title VII of the Civil Rights Act of 1964.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

April 3, 2024

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 4/18/2024 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Count I: Race Discrimination in Violation of Title VII
17. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-16.
18. Defendant's conduct as alleged above constitutes unlawful discrimination based on race in violation of Title VII of the Civil Rights Act of 1964.
19. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to, lost wages, emotional distress, and other compensatory damages.
Count II: Retaliation in Violation of Title VII
20. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-22.
21. Defendant's conduct as alleged above constitutes unlawful retaliation against Plaintiff for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964.
22. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to, lost wages, emotional distress, and other compensatory damages.

WHEREFORE, Plaintiff Keonae N. Eubanks prays for judgment against Defendant Morris Jenkins Heating and Air as follows: A. For compensatory damages, including lost wages and benefits, and emotional distress; B. For punitive damages; C. For pre-judgment and post-judgment interest; D. For reasonable attorney's fees and costs; E. For such other and further relief as the Court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/17/2024

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: Keonae N. Eubanks

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____